IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID P. CARRASCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-336-SMY |
| ) | |
| ) | |
| SHAWNEE CORRECTIONAL CENTER ) | |
| HEALTH CARE UNIT and ) | |
| DAVID ALFONSO, ) | |
| ) | |
| Defendants. | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David P. Carrasco, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants were deliberately indifferent to his shoulder injury and asserts claims under the Eighth Amendment. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On January 9, 2018, Plaintiff fell from the upper bunk in his cell, injuring his left shoulder. (Doc. 1, p. 6). He put in a request for an arm sling to keep his arm immobile, but the request was denied. Plaintiff requests proper care for his injury. (*Id*.).

### Discussion

The Court **DISMISSES without prejudice** Plaintiff's Complaint for failure to state a claim. The caption of the Complaint lists The Shawnee Correctional Center Health Care Unit and Dr. David Alfonso as Defendants. But "The Shawnee Correctional Center Health Care Unit" may not be properly named as a defendant. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[1] Accordingly, the Shawnee Correctional Center Health Care Unit will be **DISMISSED without prejudice** from this action.

Plaintiff fails to sufficiently allege a claim for a violation of his constitutional rights against Dr. Alfonso. He states only that he injured his left shoulder in a fall and has been denied an arm sling. (Doc. 1, p. 8). He does not explain Dr. Alfonso's role in that denial. Moreover, his attached grievances suggest that he was seen by Dr. Kim, who denied his request for an arm sling but took x-rays. (Doc. 1, pp. 15, 18). Although the Court is to construe Plaintiff's Complaint liberally, he fails to provide enough information "to state a claim to relief that is plausible on its face" and the Court is not obligated to craft a claim on Plaintiff's behalf. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr*., No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED.R.CIV.P. 4(e)-(j)).

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claims against Dr. Alfonso and/or any other healthcare staff member, he must file an amended complaint. The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, should include a description of how Plaintiff's rights were violated, and when that violation took place. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 28, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading,

and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 5/31/2019**

*/s/ Staci M. Yandle*
**United States District Judge**